GOUVERNEUR M. CARNOCHAN, Appellant, v. ERIE RAILROAD
COMPANY, Respondent.

Second Department, November 28, 1913.

Motor vehicles — negligence — injury to automobile by railroad train
at grade crossing — duties of flagman — statement that train was not
due — failure to leave post of duty.

Action to recover for injuries to an automobile which while stalled on a
highway crossing a railroad was struck by a train of the defendant. The
gears of the automobile became locked while it was in close proximity to
the tracks of the defendant so that it could not be operated, and later it
was struck by the projecting step of a passing train. The items of negli-
gence charged were, *first*, that the defendant's flagman stationed at the
crossing was negligent in stating that a train was not due "for a long
time" when in fact the train arrived within four or five minutes, and,
*second*, that he was negligent in not sooner going up the track to warn
and stop the train.
*Held*, that the defendant was not liable upon either of the grounds
aforesaid.
The statement of the flagman as to the time within which a train was due
was outside of his authority and, hence, not binding upon the defendant.
The duty of the flagman under his employment was to remain at the cross-
ing and warn the public of the approach of trains, and to leave that post
of duty would have been negligence upon his part.

APPEAL by the plaintiff, Gouverneur M. Carnochan, from a
judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of Rockland on
the 25th day of July, 1911, upon the decision of the court after
a trial before the court, a jury having been waived.

*Mortimer B. Patterson*, for the appellant.

*Bacon & Rorty*, for the respondent.

Judgment unanimously affirmed, with costs, upon the opinion
of Mr. Justice TOMPKINS at Trial Term.

Present — JENKS, P. J., BURR, CARR, RICH and STAPLETON, JJ.

The following is the opinion of Mr. Justice TOMPKINS:

TOMPKINS, J.:

Plaintiff seeks to recover for injuries to his automobile
through the alleged negligence of the defendant's flagman,

who was stationed at a public highway crossing near the Hill-burn station on the defendant's railroad. By stipulation the action was tried before the court without a jury. The amount of the plaintiff's damage is not in dispute, nor is there any question of contributory negligence on plaintiff's part. The only question is whether there was any negligence on the defendant's flagman's part for which the defendant is legally responsible.

At the place of the accident there are the two main tracks of the Erie railroad; one known as the east-bound track and the other known as the west-bound track, and over these tracks many trains are run daily in both directions; some on schedule and others not on schedule; besides, a number of light engines (so called) pass over the highway every day. The public high-way which crosses the defendant's tracks at grade at this point, and which it was the said flagman's duty to guard, is a very largely traveled thoroughfare, running through Orange and Rockland counties, and known as "the turnpike." The view of travelers upon the highway approaching the railroad track from both directions is more or less obscured by the lay of the land and the presence of trees along the sides of the highway, while on the east or north side of the tracks there are build-ings and embankments that interrupt the view down the track; and these conditions together with the character of the imme-diate approaches of the highway to the tracks combine to make the crossing a very dangerous one, and such was its character at the time of this accident.

The plaintiff with his automobile approached the east-bound track and got close to it, when for some unexplained reason the gears became locked and could not be moved, leaving the front of the car so close to the track that when an east-bound train came along about five minutes later the step on the first passenger car back of the engine came in contact with the front of the automobile, thereby causing the damage for which this action is brought. The automobile was not upon the track, but so near it that the projecting step of a passenger car, after the engine had safely passed, struck the front of it. The acci-dent happened and the damage was done because the automo-bile stopped in that position and refused to move for about five

Second Department, November, 1913.        [Vol. 159.

minutes and until the train came along and struck it in spite of the best efforts made by the plaintiff and several others, including the defendant's flagman, to move it.

There are two charges of negligence made against the flagman, which plaintiff insists the defendant is responsible for. *First*, that he was negligent and careless in saying to the plaintiff when the dangerous position of the automobile was first apparent that "no train would come along for a long time," when in fact the train that hit the machine did come along in four or five minutes. *Second*, that he was negligent in not sooner going up the track with a red lantern or flag to warn and stop the approaching train.

I think there was no negligence in either respect and no facts that would sustain a finding of negligence by a jury upon either ground, or that would justify a submission of either question to a jury. As to the first: the statement by the flagman to the plaintiff to the effect that no train would be along for a long time was made after the automobile had stopped and was in the position in which it was struck, and had no connection with the stopping of the automobile or with keeping it there. Indeed, it cannot be said that such statement by the flagman was the proximate cause of the accident, because it appears that, in spite of such statement, the plaintiff and his chauffeur and his friends who were riding with him did all they possibly could to release the car and remove it from its dangerous position, and that their efforts were continuous from the time it stopped until it was struck, so that had plaintiff known a train was coming within five minutes, no more could have been done than was done to save the automobile from injury. Even assuming, therefore, that the flagman was speaking within the scope of his authority, and in the line of his work and duty, and was negligent in so speaking, I do not see how liability on defendant's part can be predicated thereon, because it was not the proximate cause of the accident, nor a contributory proximate cause thereof.

But further, it is my conclusion that his said statement was entirely outside of his authority as a flagman and no part of his duty, and, therefore, not binding on the defendant. He did not know, nor was it his business to know, when trains would

reach the crossing except as he was warned of their immediate approach by the ringing of an automatic bell signal which was maintained at the crossing, or by the whistle of an approaching train. His duty was not to inform passers-by when trains would reach the highway, but to guard the crossing and keep people off it when the near approach of a train was indicated by the ringing of the electric bell, or the sounding of the whistle, or in any other way. It was outside the scope of his employment to forecast the approach of trains that were not within sight or hearing. He might guess at it, but he could not know for a certainty just when, or even approximately when, the next east-bound train would reach the crossing, nor was he charged with that duty by the defendant, nor did he owe it to the public, and hence his statement to the plaintiff is no part of the *res gestœ*, and is inadmissible against the defendant.

The plaintiff's claim that the defendant should be charged with negligence because the flagman did not leave the crossing and go up the track and signal the approaching train to stop is equally untenable. In the first place, he did not and could not know of the near approach of the train until he heard the electric bell or the train whistle, and the proof is that then he ran up the track and made a futile attempt to stop it. His duty, however, was at the crossing to protect the public from trains approaching in both directions. While he was up the track to head off an east-bound train in order to save an automobile, a train might have come along on the west-bound track and killed a number of human beings. His sole duty under his employment, and the instructions given him, and the rules by which he was guided in his work, was to remain at the crossing and warn the public of the approach of trains, and to leave that post of duty would be negligence for which his employer would be liable if an accident was occasioned thereby.

To prevent a catastrophe or loss of human life by an obstruction upon the track that might endanger a trainload of people would undoubtedly justify and require the flagman leaving his crossing unguarded to stop the oncoming train and thereby prevent a great calamity. That would be his moral duty, as

it is the duty of every man, to save others from peril — common humanity would demand it — but for the failure of a crossing flagman to so act the railroad company would not be liable. Whether there was negligence that entitles the plaintiff in this action to recover depends upon the manner in which the flagman performed his legal duty, which was to remain at the crossing and guard those using the public highway from trains, the approach of which was indicated to him by bell, whistle or otherwise. Under the circumstances of this case he was not justified in leaving the crossing, although he did so when he heard the train approaching and tried to stop it. There was no careless act or omission on the part of the flagman that caused or contributed to this accident, and no evidence that would warrant the submission of any question of fact to a jury. Judgment for defendant.